IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL HEBBE,

    Petitioner,               No. CIV S-06-0074 LKK DAD P

    vs.

A.P. KANE, et al.,                ORDER AND

    Respondents.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Examination of petitioner's in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Upon the filing of a federal habeas petition, the court must examine the petition to determine whether the respondents should be ordered to file an answer, motion, or other response. Rule 4, Rules Governing § 2254 Cases. The undersigned has examined petitioner's habeas petition and finds that respondents should not be ordered to respond because petitioner's application for a federal writ of habeas corpus is barred by the statute of limitations.

/////

1

1   Petitioner challenges a 1998 Sacramento County Superior Court judgment of
2 conviction for which he was sentenced to eighteen years and four months in state prison.
3 Petitioner alleges that he appealed from the judgment, the judgment was affirmed by the
4 California Court of Appeal in 1999, and he did not seek review by the California Supreme Court.
5 A state habeas petition filed in the Sacramento County Superior Court was denied on April 4,
6 2000. Petitioner filed no other petitions with respect to the 1998 judgment until 2005. (Pet. at
7 pages numbered 1-3 of 16.)

8   In a habeas petition filed in the Sacramento County Superior Court on March 20,
9 2005, petitioner attacked California Penal Code § 1170.12(c)(2)(A), one of California's three
10 strikes provisions, "as unconstitutionally vague due to arbitrary and discriminatory enforcement
11 being threatened." (Id. at page numbered 3 of 16.) The petition was denied by the trial court as
12 moot by order signed May 23, 2005.[1] (Id. at page numbered 3 of 16, Supplement at page
13 numbered 3 of 35, & Attach. A.) The same claim was presented to the California Court of
14 Appeal in a habeas petition that was denied by order filed August 11, 2005, and the California
15 Supreme Court denied petitioner's petition for review by order filed November 2, 2005. (Id.,
16 Supplement at page numbered 3 of 35 and Attachs. B & C.)

17   Petitioner's federal habeas petition was delivered to prison authorities for mailing
18 on January 5, 2006. Although the pro se petition purports to raise three grounds for relief,
19 petitioner's claim is that all three state courts failed to find § 1170.12(c)(2)(A) unconstitutionally
20 vague on the basis of a threat of arbitrary and discriminatory enforcement.

21   In an attached memorandum of points and authorities, petitioner offers a section
22 titled "Timeliness" in which he cites 28 U.S.C. § 2244(d)(1)(D) and asserts that he discovered

---

[1] The Superior Court observed that petitioner's claims regarding the version of the three-strikes law enacted by initiative "appear to be based on the fact that he was required to admit two strikes before the court struck one of them so that it could impose an agreed-upon determinate term." (Pet., Attach. A.) "All that he faced was the possibility that an indeterminate term could be imposed if no plea agreement had been reached in his case," but a plea agreement was reached and he "is not subject to such a term." (Id.)

2

"new facts with exercise of due diligence."  (Pet., Supplement at page numbered 3 of 35.) Characterizing the opinion of the California Supreme Court in In re Dannenberg, 34 Cal. 4th 1061 (2005), as a new fact, petitioner asserts that it was not until after Dannenberg was filed that he discovered "the new fact of: no law (statute/regulation) has actually been passed/promulgated to determine how indeterminate sentences under 1170.12(c)(2)(A) are to be carried out."  (Id.) Petitioner states that he did not previously research this issue because defense counsel, appellate counsel, and the appellate court that considered his Wende brief "claimed no issues existed to grant post plea appeal."  (Id.)  Petitioner asserts that his post-Dannenberg research led him to believe that the BPT "does not have authority over Penal Code § 1170 sentences, . . . as threatened to be imposed against Petitioner."  (Id.)  Petitioner states that he established "the factual basis" for his claim through due diligence and submitted a state habeas petition to the Sacramento County Superior Court on March 20, 2005, 55 days after the Dannenberg opinion was issued on January 24, 2005.  (Id.)

      The federal statute of limitations provides as follows:

    (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

      In the present case, petitioner's 1998 judgment of conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) upon the expiration of petitioner's time for seeking direct review by the California Supreme Court after the California Court of Appeal affirmed his conviction in 1999. Any statutory tolling that was available pursuant to 28 U.S.C. § 2244(d)(2) ended when petitioner's first state habeas petition was denied by the Sacramento County Superior Court on April 4, 2000. If the one-year statute of limitations began to run as late as April 5, 2000, it had expired by April 4, 2001, at the latest. Petitioner's federal habeas petition is therefore barred by the federal statute of limitations unless a provision other than § 2244(d)(1)(A) applies to the claim presented in petitioner's federal habeas petition.

      Petitioner cites § 2244(d)(1)(D), a provision that triggers the commencement of the one-year statute of limitations from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner's reliance is misplaced. "If a change in (or clarification of) state law, by a state court, in a case in which [the petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless." Shannon v. Newland, 410 F.3d 1083, 1088 (9th Cir. 2005), cert. denied, ___ U.S. ___, 126 S. Ct. 1333 (2006). Cf. Johnson v. United States, 544 U.S. 295 (2005) (holding that a state-court order vacating a petitioner's own state conviction does qualify as a "fact" for purposes of the counterpart of § 2244(d)(1)(D) contained in § 2255). The California Supreme Court's decision in Dannenberg, like the state court decision relied upon by the petitioner in Shannon v. Newland, is "a state-court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim" and "does not constitute the 'factual predicate' for that claim." 410 F.3d at 1089. To hold otherwise "would create a large loophole

4

in AEDPA's scheme to promote finality." Id.

Petitioner's federal habeas petition should be summarily dismissed as time barred. See Rule 4, Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("The district court may enter an order for the summary dismissal of a habeas petition '[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . .'").

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's January 12, 2006 application to proceed in forma pauperis is granted;

2. Petitioner's January 12, 2006 motion to conduct discovery is denied;

3. The Clerk of the Court shall serve a copy of this order and findings and recommendations, together with a copy of the habeas petition filed January 12, 2006, upon the Attorney General of the State of California; and

IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed with prejudice on the ground that it is barred by the statute of limitations.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. A document containing objections should be titled "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 21, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
hebb0074.156